UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                              |   |                        |
|------------------------------|---|------------------------|
| MANGANARO NORTHEAST, LLC,    | ) |                        |
| Plaintiff,                   | ) |                        |
| v.                           | ) | Civil No. 18-11364-LTS |
| SANDRA DE LA CRUZ,           | ) |                        |
| Defendant.                   | ) |                        |

ORDER ON MOTION TO AMEND (DOC. NO. 32)
AND MOTION TO COMPEL (DOC. NO. 36)

June 27, 2019

SOROKIN, J.

Plaintiff Manganaro Northeast, LLC ("Manganaro") sues its former employee, Defendant Sandra De La Cruz, for injunctive relief and damages in relation to De La Cruz's resignation from Manganaro and current employment with one of its competitors. Doc. No. 1. Presently before the Court are De La Cruz's motion for leave to file an amended answer and counterclaim, Doc. No. 32, and her motion to compel production of certain documents she claims Manganaro has not produced in discovery, Doc. No. 36.

I.  DISCUSSION

    A.  Motion to Amend

Ms. De La Cruz seeks leave to amend her answer to include a counterclaim for abuse of process. Doc. No. 33-3. The scheduling order in this case set October 15, 2018 as the date after which no motions seeking leave to amend would be permitted, except for good cause shown. Doc. No. 27 at 1. In her motion to amend, Ms. De La Cruz acknowledges that her request comes

at a "somewhat late stage of the case," but argues that she has shown good cause to allow the motion nonetheless. Manganaro opposed on the grounds that amendment would be futile. Doc. No. 35.

Rule 15 states that a "court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15. However, leave to amend need not be given where there is an "apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). Specifically, "a judge may deny leave if amending the pleading would be futile—that is, if the pined-for amendment does not plead enough to make out a plausible claim for relief." HSBC Realty Credit Corp. (USA) v. O'Neill, 745 F.3d 564, 578 (1st Cir. 2014).

Ms. De La Cruz seeks to add an abuse of process counterclaim. Under Massachusetts law, "[t]o sustain an abuse of process claim, the fact finder must find that process was used 'to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.'" Millennium Equity Holdings, LLC v. Mahlowitz, 925 N.E.2d 513, 522 (Mass. 2010) (quoting Quaranto v. Silverman, 187 N.E.2d 859 (Mass. 1963)). "The three elements of the cause of action are that 'process' was used, for an ulterior or illegitimate purpose, resulting in damage." Id. (quoting Gutierrez v. Massachusetts Bay Transp. Auth., 772 N.E.2d 552 (Mass. 2002)).

Ms. De La Cruz cites as the basis for her proposed abuse of process counterclaim a series of emails she uncovered in discovery, attached to her motion to amend. Doc. No. 33-1. The emails, she argues,

provide strong evidence that, when Manganaro filed this case, Manganaro (1) considered Ms. De La Cruz to be a "low-level" employee; (2) did not believe a suit to enforce her non-compete agreement would be successful; (3) had no evidence, after an investigation, to believe that Ms. De La Cruz had taken any confidential information with her when she left Manganaro; and (4) moved forward with the case anyway only to "take a whack at PDC" and to put "max pressure" on PDC to walk off the Amherst College Project.

Doc. No. 33 at 6. The emails, taken together with the other factual allegations in the proposed amended answer, allow Ms. De La Cruz to prevail at this stage, where she need only "plead enough to make out a plausible claim for relief" to avoid denial of her motion to amend on grounds of futility. HSBC Realty Credit Corp., 745 F.3d at 578. The evidence submitted and factual allegations contained within the proposed amended answer easily clear this low bar.

Because Ms. De La Cruz seeks leave after the time established in the scheduling order for amendment to the pleadings, she must demonstrate good cause, which she has. Ms. De La Cruz reasonably did not have access to the emails giving rise to her counterclaims until they were produced in discovery, after which she promptly moved to amend. In addition, the amendment will require, at most, modest additional discovery

Accordingly, the motion to amend, Doc. No. 32, is ALLOWED.

B.   Motion to Compel

Ms. De La Cruz's motion to compel seeks additional documents and emails which she asserts Manganaro has failed to produce. Doc. No. 36. On June 17, 2019, after multiple hearings and status reports, the parties filed a joint status report regarding the outstanding discovery issues. Ms. De La Cruz "remains concerned that Manganaro still has yet to even search for, let alone produce, two categories of requested documents." Id. Those two categories

3

are: 1) internal emails about Ms. De La Cruz (corresponding to Request No. 11) and 2) internal emails about the Amherst College Project[1] (corresponding to Request No. 18).

**As to Request No. 11, within seven days of the date of this Order, Manganaro shall file one or more affidavits stating the following information:**

1. Each email account searched for documents responsive to Request No. 11;

2. As to each such email account, each specific search term that was run on that account;

3. As to each such email account, the specific period of dates searched;

4. As to each such email account, each field that was searched (i.e. "To," "From," "CC," "Subject Line," etc.); and

5. The number and types of documents not produced, if any, and the reason or reasons such documents were withheld, other than documents withheld for privilege and listed in a privilege log.

As to Request No. 18, the request as written could conceivably include every document related to a three-year, multimillion-dollar project, which might include hundreds of thousands of documents, as Manganaro asserts. However, Ms. De La Cruz states in the joint status report that she now is only seeking "Manganaro's internal communications about the status and progress of its work on the [Amherst College] project—including its knowledge and handling of any problems—from the time she resigned in March 2018 to the time Manganaro filed this suit in June 2018." Doc. No. 46 at 4.

Counsel for Manganaro represents that "Manganaro has conducted an exhaustive search and reviewed all of its pertinent files and email accounts so as to be able to supplement its

---

[1] The "Amherst College Project" is the project which Manganaro asserts Ms. De La Cruz worked on while employed at Manganaro and then helped PDC, her new employer and Manganaro's competitor, begin providing services for, thus costing Manganaro substantial revenue.

previous document production." Id. at 9.  In support, Manganaro provided an affidavit from Patrick Glomb, a Construction Executive at Manganaro, who states "I have done my best to produce any and all relevant documents relating to the Amherst College Project that concern PDC coming onto the Amherst College jobsite starting in or about March 2018." Doc. No. 43-2 at 2.  However, Ms. De La Cruz is also seeking documents about the status and progress of Manganaro's work on the Amherst College Project, as well as any problems it faced, not necessarily related to PDC's involvement, which might include different documents than those included within Mr. Glomb's statement.

**Accordingly, as to Request No. 18, within seven days of the date of this Order, Manganaro shall file <u>either</u>:**

1. One or more affidavits explaining specifically what searches they have conducted and what documents they have produced regarding "Manganaro's internal communications about the status and progress of its work on the [Amherst College] project—including its knowledge and handling of any problems—from the time [Ms. De La Cruz] resigned in March 2018 to the time Manganaro filed this suit in June 2018," <u>OR</u>

2. A <u>proposed</u> search for documents and electronically stored information regarding "Manganaro's internal communications about the status and progress of its work on the [Amherst College] project—including its knowledge and handling of any problems—from the time [Ms. De La Cruz] resigned in March 2018 to the time Manganaro filed this suit in June 2018."  <u>Such proposal shall include the proposed time period(s), location(s), and search terms to be used</u>.

If Manganaro chooses to submit a proposed search, Ms. De La Cruz may respond within seven days of the date of Manganaro's filing, proposing different or additional search parameters and explaining the reasons therefor.

III. CONCLUSION

The motion to amend, Doc. No. 32, is ALLOWED. The motion to compel, Doc. No. 36, is ALLOWED. Manganaro shall file within seven days of the date of this Order one or more affidavits complying with the Court's orders herein.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge